**GUST ROSENFELD P.L.C.**
201 E. Washington, Suite 800
Phoenix, Arizona 85004-2327
Telephone: (602) 257-7422
Facsimile: (602) 254-4878
Madeleine C. Wanslee – 012590
mwanslee@gustlaw.com

**Attorneys for** Vista Miller

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Vista Miller, | |
|---|---|
| Plaintiff. | Case No.: 2:07-cv-01102 |
| v. | COMPLAINT |
| TransUnion, LLC, a Delaware corporation, | (Fair Credit Reporting Act/ Defamation) |
| Defendant. | |

For her complaint against Defendant TransUnion, LLC, Plaintiff Vista Miller alleges as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter under the Fair Credit Reporting Act, 15 U.S.C. § 1681, and the doctrine of supplemental jurisdiction. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arise from acts of the Defendant perpetrated therein.

**PRELIMINARY STATEMENT**

2. Plaintiff brings this action for damages based upon violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"), and of state law obligations brought as supplemental claims including, but not limited to, defamation.

3. Plaintiff Vista Miller, formerly known as Vista Clemens, is a natural person and is a resident and citizen of the State of Arizona and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

4. Defendant TransUnion, LLC is a Delaware corporation licensed to do business in the State of Arizona.

5. TransUnion is a consumer reporting agency, as contemplated by FCRA § 1681(f), which regularly and in the ordinary course of business engages in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by FCRA § 1681a(d), to third parties.

## FACTUAL ALLEGATIONS

6. Plaintiff's creditworthiness has been unfairly and repeatedly compromised by TransUnion's acts, obduracy, and general indifference.

7. Plaintiff has never sought relief under the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

8. On or about November 14, 2000, Plaintiff checked her credit profiles and learned that certain accounts were listed as included in bankruptcy.

9. Between the fall of 2000 and Spring of 2001, Plaintiff made numerous telephone calls and credit disputes and wrote letters to correct the erroneous bankruptcy reporting before that erroneous information was finally removed from her credit profiles.

10. In the Spring 2002, Plaintiff learned that TransUnion had for the second time reported a bankruptcy on Plaintiff's credit profile, which reporting she disputed.

11. In the Spring of 2003, Plaintiff learned that TransUnion had for the third time reported on Plaintiff's credit profile that certain accounts were "included in bankruptcy," and she disputed that reporting.

1  12. In the Spring of 2003, Plaintiff also learned that Experian was erroneously
2  reporting the bankruptcy.
3  13. On or about June 2, 2003, the bankruptcy notation was deleted from all
4  credit profiles.
5  14. Upon information and belief, Experian never again reported the erroneous
6  bankruptcy filing.
7  15. On or about April 20, 2004, Plaintiff learned that TransUnion had for the
8  fourth time reported that certain accounts were "included in bankruptcy," which she
9  immediately disputed.
10  16. On or about July 30, 2004, the bankruptcy reporting was deleted from the
11  credit profile.
12  17. On or about January 18, 2005, Plaintiff learned that TransUnion had for
13  the fifth time erroneously reported on Plaintiff's credit profile that certain accounts were
14  "included in bankruptcy," and Plaintiff disputed that report.
15  18. On or about February 25, 2005, TransUnion deleted the bankruptcy
16  reporting.
17  19. On or about July 1, 2005, Plaintiff learned that TransUnion had for the
18  sixth time erroneously reported on Plaintiff's credit profile that certain accounts were
19  "included in bankruptcy," and she disputed that report.
20  20. On or about July 20, 2005, TransUnion deleted the erroneous bankruptcy
21  reporting.
22  21. In 2006, Plaintiff discovered that TransUnion was once again, and for at
23  least the seventh time, showing a bankruptcy filing on Plaintiff's credit profile.
24  22. The reporting of a bankruptcy on a credit report is considered an adverse
25  entry.
26  23. Plaintiff has never sought relief under the United States Bankruptcy Code.

**STATEMENT OF CLAIM AS AGAINST TRANSUNION**

24.     Plaintiff restates paragraphs 1 through 23 as though restated herein.

25.     In the entire course of its actions and failures complained of herein, TransUnion violated the provisions of the FCRA by willfully and/or negligently failing to comport with provisions of the FCRA, including but not limited to § 1681(i).

26.     TransUnion willfully and/or negligently failed, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

27.     TransUnion willfully and/or negligently failed to appropriately investigate or reinvestigate the erroneous bankruptcy information on Plaintiff's credit profile.

28.     TransUnion willfully and/or negligently failed to appropriately and permanently correct the erroneous bankruptcy information on Plaintiff's credit profile.

29.     TransUnion failed to prevent the reinsertion of previously deleted erroneous material from Plaintiff's credit report.

30.     TransUnion's violations of the FCRA have substantially damaged Plaintiff by causing her loss of credit, less favorable credit, damage to her credit scores, inconvenience, humiliation, fear, embarrassment, frustration, anxiety, severe emotional distress and other emotional and mental anguish, and other incidental and consequential damages, which were reasonably foreseeable by TransUnion.

31.     TransUnion acted intentionally and willfully in continuing to report an erroneous bankruptcy on Plaintiff's credit reports, or acted with reckless disregard for her rights and interests and the interests of the general public, such as to justify an award of punitive damages against TransUnion.

32.     TransUnion's false statements were made with actual malice, as evidenced by their repeated publication.

33.     TransUnion defamed Plaintiff.

34.     Plaintiff hereby demands a trial by jury.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff demands that the Court grant judgment in her favor and against TransUnion for the following:

    a.  actual and consequential damages;

    b.  statutory damages;

    c.  punitive and special damages;

    d.  attorney's fees;

    e.  costs;

    f.  prejudgment and post judgment interest at the highest rate allowed thereon; and

    g.  that this court return judgment for an award of any attorneys' fees and costs incurred post-judgment in the collection of any award or judgment entered.

GUST ROSENFELD P.L.C.

By /s/ *Madeleine C. Wanslee* -#012590
Madeleine C. Wanslee
Attorneys for *Vista Miller*